# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LEANDRA MICHELLE GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>HAROLD S. ROBERT JR.,<br><br>Defendant. | CASE NO. 09-CV-2760-IEG (AJB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2);**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT (Doc. No. 1); and**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. No. 3).** |
|---|---|

Presently before the Court is Plaintiff Leandra Michelle Green's Motion for Leave to Proceed *in Forma Pauperis* and Motion for Appointment of Counsel. (Doc. No. 2, 3.) On December 10, 2009, Plaintiff, proceeding pro se, filed a complaint against Defendant Harold S. Roberts, Jr. (Doc. No. 1.) For the reasons stated herein, the Court grants the Motion for Leave to Proceed *in Forma Pauperis*, but *sua sponte* dismisses Plaintiff's complaint because it is frivolous and fails to state a claim.

**I.   MOTION TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit or proceeding in a district court of the United

1  States, except an application for writ of habeas corpus, must pay a filing fee of $350.  See 28

2  U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only

3  if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a).  See

4  Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

5        The Court has reviewed Plaintiff's affidavit of assets and finds the affidavit sufficiently

6  shows that she is unable to pay the fees or post securities required to maintain this action.  Plaintiff

7  is not employed and has no other sources of income, does not own a vehicle or other assets, and

8  has a dependant child.  Accordingly, the Court GRANTS Plaintiff's Motion to Proceed *In Forma*

9  *Pauperis*.  The Clerk of Court shall file the Complaint without prepayment of the filing fee.

10  **II.     INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

11        After granting IFP status, the Court must dismiss the case if the case "fails to state a claim

12  on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B);  see also Lopez v.

13  Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

14  only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails

15  to state a claim).  "[A] complaint, containing as it does both factual allegations and legal

16  conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v.

17  Williams, 490 U.S. 319, 325 (1989), *superseded on other grounds as stated in* Lopez v. Smith, 203

18  F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any constitutional or statutory

19  right that was violated, nor assert[] any basis for federal subject matter jurisdiction," there is no

20  "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the

21  plaintiff to proceed and dismiss the complaint under Section 1915.  Cato v. United States, 70 F.3d

22  1103, 1106 (9th Cir. 1995).

23        As currently pleaded, it is clear that Plaintiff's complaint fails to state a cognizable claim

24  and is frivolous to the extent it lacks an arguable basis in law or fact.   The complaint consists of

25  one handwritten paragraph, which is incomprehensible at certain points.  Plaintiff fails to allege

26  any facts establishing any cause of action against Defendant.  Rather, Plaintiff's complaint appears

27  to challenge the Social Security Administration's ("SSA") denial of her request for the production

28

of Defendant's Social Security records.[1]  In fact, the first sentence of the complaint states that Plaintiff is requesting the Court to subpoena Defendant's records from the Social Security Administration.  Plaintiff alleges she sued Defendant in small claims court because he stole her ATM card, but has been unable to serve him with the complaint because she does not have his address.  Plaintiff attaches to the complaint: (1) a proof of service form from the small claims court indicating a subpoena was served on the SSA on October 26, 2009; and (2) the SSA's letter in response to Plaintiff's subpoena, dated October 26, 2009, refusing to disclose Defendant's records without Defendant's written consent.

Even affording Plaintiff's complaint the special consideration given to pro se claimants, her allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal theory against Defendant.  Although the Court must assume Plaintiff can prove the facts she alleges in her complaint, the Court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  But, if a pro se plaintiff can cure her allegations in order to state a claim, the court may give her leave to do so.

## III. CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but DISMISSES WITHOUT PREJUDICE Plaintiff's complaint as frivolous and for failing to state a claim upon which relief can be granted.  Accordingly, the Court DENIES AS MOOT Plaintiff's Motion for Appointment of Counsel.

Plaintiff is GRANTED thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is cautioned her First Amended Complaint must be complete in itself, without relying on references to the Original Complaint. Plaintiff is further cautioned any defendant not named or claim not

---

[1] The proper defendant in this case appears to be the SSA.  However, suits against federal agencies such as the SSA are generally barred by the doctrine of sovereign immunity, absent a waiver of sovereign immunity. The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, waives sovereign immunity and permits plaintiffs seeking government-held information to file requests pursuant to the act.  The SSA has issued FOIA rules and regulations at 20 C.F.R. §§ 402.5-402.205. But Plaintiff has neither made a FOIA request nor sued under the act.

1  re-alleged will be considered waived.  See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir.
2  1996).

4     **IT IS SO ORDERED.**

6  **DATED:  December 17, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**